UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.   Case No. 3:25-cr-197-TKW

ISAIAH MARKEIS SIMS,

_____/

ORDER OF DETENTION

On December 9, 2025, the Court held a hearing on the Government's motion for detention pursuant to the Bail Reform Act of 1984, as amended, 18 U.S.C. § 3141, *et seq.* Based upon the information contained in the pretrial services report, the evidence presented at the hearing, and the arguments of counsel, the Court finds Defendant shall be detained pending trial because there is no condition or combination of conditions which will reasonably assure the safety of the community.

**I.   The Bail Reform Act**

The Bail Reform Act of 1984 provides a framework for determining whether pretrial detention is appropriate. *See* 18 U.S.C. § 3142. "Congress has determined that [w]hen there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985).

A court may release a defendant pending trial on appropriate conditions, 18 U.S.C. § 3142(a)(2), or detain the defendant, *id.* § 3142(a)(4). *See Reno v. Koray*, 515 U.S. 50, 57 (1995). The court shall detain a defendant if it determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). A finding of risk of flight must be supported by a preponderance of the evidence, while a finding of danger must be supported by clear and convincing evidence. *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

"Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (clear and convincing evidence is evidence which induces "an abiding conviction that the truth of its factual contentions are 'highly probable'"). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Chimurenga*, 760 F.2d at 405. Additionally, "danger to the community" does not refer to simply risk of physical violence; instead, it includes a danger that the defendant might engage in criminal activity that is a detriment to the community. *See United States v. Ingram*, 415 F. Supp. 3d 1072, 1077 (N.D. Fla. 2019) (collecting cases).

To determine whether a defendant should be released on conditions or detained, courts consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Although § 3142(g) identifies the factors the courts should consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant. *See generally* 18 U.S.C. § 3142(g). Instead, the weight given to each factor will inevitably vary from case to case and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022).

As discussed below, the Court finds the factors weigh in favor of detention.

**II.   Analysis**

   A. <u>Nature and Circumstances of the Offense Charged.</u>

When considering the nature and circumstances of the offense, the court considers "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Here, Defendant has been indicted by the grand jury for being a felon in possession of a firearm.

B. <u>Weight of the Evidence.</u>

This factor requires the district court to consider evidence proffered by the Government which it intends to use at Defendant's trial. In considering the weight of the evidence, the court considers both the weight of the evidence of dangerousness and the Government's underlying case against the defendant. *United States v. Berkun*, 392 F. App'x 901, 903 (2d Cir. 2010); *United States v. Norris*, 188 F. App'x 822, 830 (11th Cir. 2006). "While it is true that the Court's determination of this factor 'neither requires nor permits a pretrial determination of guilt,' the Court can still weigh the evidence and determine whether it proves that the defendant poses a risk to others and/or is at risk of flight." *United States v. Slatten,* 286 F. Supp. 3d 61, 67–68 (D.D.C. 2017) (internal citations omitted), *aff'd,* 712 F. App'x 15 (D.C. Cir. 2018); *United States v. Pirk*, 220 F. Supp. 3d 402, 410 (W.D.N.Y. 2016). The weight of the evidence is a common-sense consideration.

At the detention hearing, the Government moved into evidence the State offense report that resulted in Defendant being federally indicted. *See* Exhibit 1. According to that report, on August 24, 2025, law enforcement conducted a traffic stop on a vehicle in which Defendant was the passenger, and his girlfriend, S. George, was the driver. An officer smelled an odor of marijuana coming from the car and observed a leafy green substance on the top of the center console, consistent with the appearance of marijuana. An officer asked George and the Defendant to

exit the vehicle and asked Defendant if he could pat him down for weapons. The Defendant declined and fled from officers on foot. Officers pursued and could see the Defendant reaching into his waistband multiple times to pull an item out of his pants. Eventually, officers were able to detain the Defendant after he fell to the ground. When they did so, officers observed a black handgun directly beside them. The handgun was a black Glock 19, loaded with 17 rounds, including 1 round in the chamber.

    C. <u>The History and Characteristics of the Defendant.</u>

In considering the history and characteristics of a defendant, the court considers such matters as the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g).

Defendant is 23 years old and has lived with his girlfriend, George, for at least 2 years. The two currently reside in a government subsidized apartment complex with their 7-month-old daughter. Defendant did not graduate from high school and has never been employed. Defendant does not have a driver's license. According to George, Defendant can continue to reside with her. Alternatively, he can reside

with his mother, although his four brothers already reside with his mother. Defendant also has a 4-year-old child who does not reside with him.

Despite Defendant's age, his criminal history is not insignificant and is continuous. Based on the bond report, Defendant was first convicted for possession of marijuana and drug equipment when he was 14 years old. He was sentenced to juvenile probation and violated it on three separate occasions by (1) getting school disciplinary referrals; (2) having 111 unexcused class periods; (3) fighting in school; and (4) plagiarizing a court-ordered essay. His probation was eventually terminated in February 2020, and less than six months later he was arrested for possession of a controlled substance without a prescription. Even though he was 17 at the time, the case was transferred to adult court, and he was sentenced on June 9, 2022, to 50 days after serving 365 days.

In the meantime, on May 27, 2021, Defendant was arrested and indicted on a premeditated murder charge for a shooting at an apartment that occurred on December 19, 2020, where the victim was shot multiple times.[1] *See* Exhibit 2. According to the offense report, a witness advised law enforcement in January 2021 that she initially lied to law enforcement about the identity of the shooters, and that one of the shooters was Defendant. The witness stated she lied because she was

---

[1] The pretrial services report indicates the shooting occurred on December 19, 2021, but the arrest report from the Escambia County Sheriff's Office confirms the shooting occurred in 2020.

3:25-cr-197-TKW

afraid Defendant would hurt or kill her. A review of threatening text messages from the Defendant on the witness's phone corroborated the witness's fears. Nonetheless, the State chose not to prosecute the case against Defendant and Defendant was eventually released from custody in November 2022.

Six months later, Defendant was arrested for resisting arrest without violence after he ran from law enforcement while they were executing a search warrant on a residence. According to the offense report, *see* Exhibit 3, the SWAT team made entry into and secured the residence because of information received about firearms in the residence. Defendant was given probation and violated that probation by failing to pay court fines. He served 20 days for that violation and immediately after his release was arrested and pled no contest to a misdemeanor charge for possession of marijuana. Less than a year later, he was arrested by the State on the instant felon in possession of a firearm offense and for resisting arrest. Defendant has been on State bond since August 27, 2025.

D. <u>The Nature and Seriousness of the Danger Posted by Release.</u>

Based on Defendant's continuous and seemingly unabated criminal behavior, his prior violations of probation, his penchant to flee from law enforcement, and the nature of this offense – which involves possession of a loaded Glock, the Court finds there is a serious danger that, if released, Defendant will continue to engage in criminal activity, which constitutes a danger to the community. The fact that

Defendant has not yet been convicted of a violent crime is not dispositive of whether he should be detained.

Accordingly, the Court **ORDERS** that Defendant be held in the custody of the Attorney General or her designated representative pending trial in this matter. The Attorney General or her designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult with counsel in private while in custody. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 10th day of December 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**